IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **AKEEM R. GUMBS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:19-cv-0043 |
| | ) |
| **EVERARD E. POTTER,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### ORDER

**BEFORE THE COURT** are the following motions filed by *pro se* Plaintiff Akeem R. Gumbs ("Gumbs"):

1. Motion to Appoint Marshal to Serve Summons and Complaint. (ECF No. 2.)
2. Motion Demonstrating Imminent Danger of Serious Physical Injury. (ECF No. 5.)
3. Motion for Leave to File Attached Amended Claims for Ruling of my Lawsuit. (ECF No. 7.)
4. Amended Motion Demonstrating Imminent Danger of Serious Physical Injury. (ECF No. 8.)
5. [Second] Amended Motion Demonstrating Imminent Danger of Serious Physical Injury. (ECF No. 10.)

Despite the filing of this action, Gumbs has yet to pay the filing fee. While Gumbs has not officially moved to proceed *in forma pauperis*, he did file an Affidavit in Support of Motion to Proceed in Forma Pauperis. (ECF No. 3.) Nonetheless, because Gumbs is a prisoner who has filed at least three frivolous complaints (or complaints that have been dismissed for failure to state a claim), the Court, in accordance with 28 U.S.C. § 1915(g), will require Gumbs to pay the filing fee before he can move forward with his case.

On June 2, 2011, the Grand Jury returned a thirty-one count indictment against Gumbs. Counts One through Five alleged production of child pornography, in violation of federal law. Count Six alleged possession of child pornography, in violation of federal law.

Counts Seven through Thirty-One alleged aggravated rape in the first degree, in violation of Virgin Islands law.

On February 14, 2012, a jury found Gumbs guilty of all counts.[1] On September 6, 2012, the Court sentenced Gumbs to 300 months imprisonment on the production of child pornography charges; 120 months imprisonment on the possession of child pornography charges; and 20 years imprisonment on the rape charges. The Court ordered each of these sentences to be served concurrently. On appeal, the Third Circuit affirmed Gumbs' conviction. *See United States v. Gumbs*, 562 F. App'x 110, 116 (3d Cir. 2014).

On January 15, 2015, Gumbs filed a motion pursuant to 28 U.S.C. § 2255 (the "first 2255 petition") to vacate his conviction in the pornography case. The Court denied that motion. *See United States v. Gumbs*, No. 3:11-cr-0021, 2017 WL 665191, at *4 (D.V.I. Feb. 18, 2017). The Third Circuit denied Gumbs' application for a certificate of appealability. *See United States v. Gumbs*, No. CV 17-1608, 2017 WL 4216572, at *1 (3d Cir. June 26, 2017).

On April 19, 2016, Gumbs filed a complaint in Case Number 3:16-cv-0003 against Louis Penn, Jr. ("Penn"), a Special Agent with the Department of Homeland Security, alleging a violation under 42 U.S.C. § 1983 (the "first 1983 action"). On March 24, 2017, the Court dismissed the first 1983 action, finding that Gumbs had failed to state a claim. *Gumbs v. Penn*, No. 16-cv-0030, 2017 WL 1115161, at *3-4 (D.V.I. Mar. 24, 2017). Gumbs appealed, and the Third Circuit dismissed his appeal as frivolous. *See United States v. Penn*, 691 F. App'x 57, 59 (3d Cir. 2017).

On April 24, 2018, Gumbs filed a complaint in Case Number 3:18-cv-0022 against Penn alleging a violation under 42 U.S.C. § 1983 (the "second 1983 action"). On March 15, 2019, the Court dismissed the second 1983 action, again finding that Gumbs had failed to state a claim. *See Gumbs v. Penn*, No. 3:18-cv-0022, 2019 WL 1219704, at *2 (D.V.I. Mar. 15, 2019). The Court also found that Gumbs had brought three civil actions as a prisoner, each of which had been dismissed for failure to state a claim. *Id*. at *3. Accordingly, the Court held that Gumbs had accrued "three strikes" under 28 U.S.C. § 1915(g) and was thereby precluded

---

[1] The Court later entered a judgment of acquittal on Counts Seven, Twenty-Nine, and Thirty.

from bringing future civil actions unless he was under imminent danger of serious physical injury. *Id.* Gumbs appealed and moved to proceed *in forma pauperis* in the Third Circuit. On March 6, 2020, the Third Circuit denied Gumbs motion because Gumbs "has 'three strikes' for purposes of 28 U.S.C. § 1915(g)" and "may not proceed *in forma pauperis* unless he shows that he was in 'imminent danger of serious physical injury' when he filed [his] appeal." *Gumbs v. Penn*, 3d Cir. Docket No. 19-1894, ECF No. 68 at 2 (quoting *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013)).

On June 25, 2019, Gumbs filed a complaint in this matter against Everard E. Potter ("Potter"), one of the prosecutors involved in his criminal case. Gumbs alleges that Potter failed to return noncontraband property that was seized in connection with his criminal case. That same day, Gumbs filed an affidavit asserting to be in support of a motion to proceed *in forma pauperis* (ECF No. 3) and a motion for an order directing the United States Marshal to serve a summons and Gumbs' complaint on Potter (ECF No. 2). Gumbs's motion asserted that he was presently "proceeding *in forma pauperis* under 28 U.S.C. § 1915." (ECF No. 2 at 2.) The Court will construe this motion as a motion to proceed *in forma pauperis*.

On September 13, 2019, Gumbs filed a document captioned "Motion Demonstrating Imminent Danger of Serious Injury." (ECF No. 5.) On December 16, 2019, Gumbs filed a document captioned "Amended Motion Demonstrating Imminent Danger of Serious Physical Injury." (ECF No. 8.) On January 1, 2020, Gumbs filed a second document captioned "Amended Motion Demonstrating Imminent Danger of Serious Physical Injury." (ECF No. 10.) In none of these documents does Gumbs allege that he was or is in imminent danger of serious injury. Rather, he appears to attempt to mount collateral attacks on several of the Court's orders in other cases.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The question of whether a prisoner has "3 strikes" is not ripe at the time a district court dismisses a third action. Rather, the question is only properly decided when that prisoner commences a subsequent action. *See Dooley v. Wetzel*, 957 F.3d 366, 377 (3d Cir. 2020) (holding that district court erred by prospectively deeming dismissal of prisoner's complaint third strike because that "question is not ripe for adjudication unless or until he seeks to file a fourth suit *in forma pauperis*").

This Court was without authority to hold that Gumbs had accrued three strikes when the Court dismissed his complaint Case Number 3:18-cv-0022. Nevertheless, upon reviewing the history of Gumbs' litigation with fresh eyes, the Court again concludes that Gumbs has three strikes for the purposes of Section 1915(g). Accordingly, Gumbs can only proceed *in forma pauperis* after demonstrating that he "is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Gumbs has not done so. *Cf. Williams v. Forte*, 135 F. App'x 520, 521 (3d Cir. 2005) (holding plaintiff adequately alleged "under imminent danger of serious physical injury" where plaintiff alleged "a lack of medical treatment over time for a terminal disease and a urinary tract infection and/or a sexually transmitted disease that put him in 'serious pain' at the time he filed his Complaint and at present").

The premises considered, it is hereby

**ORDERED** that Gumbs' request to proceed *in forma pauperis* is **DENIED**; it is further

**ORDERED** that, to the extent Gumbs wishes to proceed with this action, he shall pay the appropriate fees for instituting a new civil action **no later than twenty-one (21) days after the date of this Order**; and it is further

**ORDERED** that a failure to pay the appropriate fees will result in dismissal of this action.

**Dated:** July 10, 2020                        s/ *Robert A. Molloy*
                                                              **ROBERT A. MOLLOY**
                                                              **District Judge**