IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| AKEEM R. GUMBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:19-cv-0043 |
| v. | ) |
| | ) |
| EVERARD E. POTTER, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

### ORDER

**BEFORE THE COURT** are the following motions filed by *pro se* Plaintiff Akeem Gumbs ("Gumbs"):

1. Motion to Vacate Three Strikes of 28 U.S.C. § 1915(g). (ECF No. 19.)
2. Motion for Relief under Federal Civil Rule 60(b)(6) and 60 (b)(2). (ECF No. 22.)
3. Motion to Appoint Counsel. (ECF No. 32.)
4. Motion under Federal Civil Rule 34. (ECF No. 33.)
5. Amended Motion under Federal Civil Rule 60(b)(6). (ECF No. 34.)
6. Amended Motion for Relief under Federal Civil Rule 60(b)(6). (ECF No. 36.)

On August 11, 2020, Gumbs filed a Motion to Vacate Three Strikes of 28 U.S.C. § 1915(g). The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g).

The Third Circuit Court of Appeals dismissed as frivolous Gumbs' appeal in *United States v. Penn*, 691 F. App'x 57, 59 (3d Cir. 2017). Following other dismissals, this Court concluded on March 15, 2019, that "Gumbs had brought three civil actions as a prisoner, each of which had been dismissed for failure to state a claim." *Gumbs v. Penn*, No. 3:18-cv-0022, 2019 WL 1219704, at *3 (D.V.I. Mar. 15, 2019). Accordingly, the Court held that Gumbs had

three strikes pursuant to 28 U.S.C. § 1915(g) "and was thereby precluded from bringing future civil actions unless he was under imminent danger of serious physical injury." (ECF No. 15.)

On August 11, 2020, Gumbs filed a motion to vacate the "Three Strikes" Order. The Court again finds that Gumbs has brought three or more civil cases, while incarcerated, that were dismissed on grounds that they were frivolous or failed to state a claim upon which relief could be granted. As such, the Court denies the motion to vacate order.

On July 10, 2020, this Court issued an order in response to the Affidavit in Support of Motion to Proceed in Forma Pauperis. (ECF No. 3.) The Court concluded that "Gumbs had three strikes and denied Gumbs' motion to proceed in this action *in forma pauperis*. The Court further ordered that, to the extent Gumbs wished to proceed, he must "pay the appropriate fees for instituting a new civil action no later than twenty-one (21) days" after the date of that order. ECF No. 15.

Gumbs did not pay the filing fee by July 31, 2020, and the Court dismissed the complaint and closed the case on August 3, 2020. On even date, and again on August 11, 2020, Gumbs filed Motions to Extend Filing Fee Payment, docketed at ECF Nos. 18 and 21. The Court granted the motions and ordered that Gumbs must pay the filing fee by October 29, 2020. Gumbs did not pay the requisite fee; as such, no new action was instituted.

The premises considered, it is hereby

**ORDERED** that the Motion to Vacate Three Strikes, ECF No. 19, is **DENIED** with prejudice; it is further

**ORDERED** that  Akeem Gumbs' complaint is **DISMISSED**; and it is further

**ORDERED** that all pending motions are **MOOT**.


**Dated:** September 29, 2021                    /s/*Robert A. Molloy*
                                                 **ROBERT A. MOLLOY**
                                                 **Chief Judge**